WALTZER, Judge.
This appeal is from a June 26, 1992 judgment of the Civil District Court providing as follows:
“IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of the defendant, St. Charles General Hospital, whose liability is limited to $100,000 since at all times herein St. Charles General Hospital was a qualified health care provider pursuant to LSA-R.S. 40:1299.41 et seq., and
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of the plaintiff and against the Louisiana Patient’s Compensation Fund and Oversight Board in that this matter was a medical malpractice claim and therefore subject to the Medical Malpractice Act LSA-R.S. 40:1299.41 et seq., and
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Commissioner of Insurance of the State of Louisiana upon receipt of a certified copy of this judgment comply with the provisions of R.S. 40:1299.44B and shall pay the plaintiff that amount due from the judgment which is in excess of the $100,000 statutory limited liability of St. Charles General Hospital.
The trial court further provided the following written reasons for judgment:

“REASONS FOR JUDGMENT

Plaintiff, Joan B. Austin, filed a medical malpractice complaint with the Commissioner of Insurance against St. Charles General Hospital. Ms. Austin alleged that she sustained injuries when, as a patient at St. Charles General Hospital, she fell while being transferred from an x-ray table to a wheelchair. At the time of the incident, St. Charles General Hospital was a qualified healthcare provider pursuant to LSA-R.S. 40:1299.41 et seq. Therefore, a Medical Review Panel was established pursuant to the Louisiana Medical Malpractice Act. The panel concluded that there was a material issue of fact, not requiring expert opinion, bearing on liability for consideration by the court.
Thereafter, on January 15, 1986, Ms. Austin, filed a petition for damages against St. Charles General Hospital, for injuries she sustained as a result of her fall at the hospital. On the date of the trial, this Court ruled that plaintiff did not have to prove breach of duty by use of expert testimony but could proceed with this medical malpractice action against St. Charles General Hospital under a theory of ordinary negligence without medical expert testimony.
The trial court entered a judgment on February 8, 1990 in the amount of $93,-750.00 with legal interest from date of judicial demand which judgment today totals approximately $160,000.00. The judgment of this court was affirmed by the Fourth Circuit on appeal and writs to the Louisiana Supreme Court were subsequently denied.
Because the trial court allowed the plaintiffs to proceed along a negligence theory, the Patient’s Compensation Fund has taken the position that this matter is not an action under the Louisiana Medical Malpractice Act R.S. 40:1299.41 et seq. and therefore, they assert that they are not responsible for that part of the judgment above the $100,000 statutory limit. Contrary to that position, St. Charles General Hospital argues that this matter is covered by the Louisiana Medical Malpractice Act 40:1299.41 et seq. and therefore, its liability is limited to $100,000 as provided for by the statute. A declaratory judgment has been filed by the plaintiffs to determine which party is responsible for the judgment in excess of $100,000.
A review of the Fourth Circuit’s opinion is essential to the determination of this issue. The Fourth Circuit found this matter to be a medical malpractice action governed by LSA-R.S. 40:1299.41 et seq. The court noted that ‘Mrs. Austin brought a medical malpractice action (emphasis added) against St. Charles General Hospital for injuries she sustained when she was being transferred from an x-ray table to a wheelchair. As *195 a prerequisite to filing the lawsuit, pursuant to LSA-R.S. 40:1299.41 et seq. a Medical Review Panel rendered an opinion on December 19, 1985 stating that there was a material issue of fact, not requiring expert opinions bearing on liability for consideration by the court.’ Austin v. St. Charles General Hospital, 587 So.2d 742, 744 (La.App. 4th Cir.1991).
The Court of Appeal also noted that the Commissioner of Insurance had intervened in this suit and filed a suspensive appeal on the issue of quantum for the purpose of appealing an excess judgment against the Fund. The court discussed the burden of proof in a medical malpractice actions against a hospital. After a review of the case law, the court stated that ‘Nevertheless, these cases do not specifically mandate that the plaintiff must prove a breach of duty by the use of expert testimony. In a medical malpractice action against a hospital, the plaintiff must prove, as in any negligence action, that the defendant owed the plaintiff a duty to protect against the risks involved, that the defendant breached that duty, that the plaintiff suffered an injury and that the defendant’s actions were a substantial cause in fact of the injury. (Emphasis added); Smith v. State Through the Department of Health and Human Resources, 523 So.2d 815, 819 (La.1988).’ Austin, 587 So.2d at 746.
The court held that ‘as reviewed previously, plaintiff’s action is within the definitions of the Louisiana Medical Malpractice Act. Cashio v. Baton Rouge General Hospital, 378 So.2d [182] (sic) (La.App. 1st Cir.1979); Pitre v. Hospital Service District No. 1 of The Parish of Terrebonne, 532 So.2d 501 (La.App. 1st Cir.1988). Because expert testimony or proof of community standings is unnecessary, that any error in proceeding under a theory of ordinary negligence was harmless.’ Austin, 587 So.2d at 749.
In light of the opinion rendered by the Fourth Circuit of Appeal, this court finds that this matter was a medical malpractice claim against a qualified health care provider pursuant to LSA-R.S. 40:1299.41 et seq. and, as such, the liability of St. Charles General Hospital is limited to $100,000 with the excess judgment over $100,000 to be the responsibility of the Patient’s Compensation Fund.”
On August 30, 1984, plaintiff was injured when she fell while being transferred from an x-ray table to a wheelchair. Plaintiff filed a claim and a medical malpractice panel was convened as required under R.S. 40:1299.41 et seq. On December 19, 1985 the medical panel rendered an opinion finding that there was a material issue of fact not requiring an expert opinion bearing on the issue of liability. On January 15, 1986, plaintiff filed suit. Trial was held on February 1, 1990. The jury rendered a verdict in favor of plaintiff in the amount of $125,-000. This amount was reduced by the jury’s finding of 25% contributory negligence on the part of plaintiff. It was reduced to $93,750. The trial court judgment was rendered on February 8, 1990. St. Charles General and the Louisiana Patient’s Compensation Fund (hereinafter “the Fund”) appealed. This appellate court affirmed the trial court judgment on September 16, 1991. An application for writs to the Louisiana Supreme Court was denied 6-0 on December 13, 1991. Accordingly, the February 8, 1990 judgment is final. With interest and costs, the judgment is now valued in excess of $160,000.
St. Charles General has tendered to plaintiffs the amount of $100,000. The Fund, however, has refused to pay, arguing that the judgment rendered was one in ordinary negligence, not one in malpractice and seeking to re-urge the facts.
R.S. 40:1299.44(B)(1) provides:
“The State Treasurer shall issue a warrant in the amount of each claim submitted to him against the fund within thirty days of receipt of a certified copy of the settlement, judgment or arbitration award ...”
In Felix v. St. Paul Fire and Marine Ins. Co., 477 So.2d 676 (La.1985), the Supreme Court held that the judgment contemplated in the statute was a final judgment.
*196 The statute cited above uses the mandatory “shall” not the permissive “may”. Accordingly, once there is a final judgment, the Fund may not contest a final judgment. This fundamental concept of res judicata, which is binding on all other courts and parties in all other situations applies to the Fund as well as to every other litigant. The Fund could have raised these issues in the prior appeal. It was improper for the Fund to refuse payment after final judgment, thus forcing the plaintiff to file a declaratory judgment action. Finally, we note that if an impartial body such as an appellate court cannot substitute its own judgment for that of the trial court under Canter v. Koehring Co., 283 So.2d 716 (La.1973), Arceneaux v. Domingue, 365 So.2d 1330 (La.1978) and Rosell v. ESCO, 549 So.2d 840 (La.1989), clearly the Fund cannot substitute its ideas for the findings and final judgment of a trial court. The Fund is merely an administrative efficiency functioning in the nature of an in-house claims adjustor; it has no judicial authority.
Unfortunately, neither plaintiff nor St. Charles General answered the appeal requesting damages for frivolous appeal.
For the reasons discussed, the judgment is affirmed.

AFFIRMED.